# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JENNIFER CRAIN

        Plaintiff,

v.                                             Case No. 07-CV-12075

PINNACLE FINANCIAL GROUP
OF MN, INC.,

        Defendant.
                                          /

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S "MOTION FOR SUMMARY JUDGMENT"

Pending before the court is Defendant Pinnacle Financial Group's motion for summary judgment, filed on September 14, 2007. The matter is fully briefed and the court concludes that a hearing is not necessary. *See* E.D. Mich. LR 7.1(e)(2). The court will, for the reasons stated below, grant the motion in part and deny it in part.

## I. BACKGROUND

Plaintiff Jennifer Crain alleges in her complaint that Defendant, a collection agency, violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and the Michigan Collection Practices Act, Mich Comp. Laws § 445.251 *et seq.* ("MCPA"). (*See generally* Pl.'s Compl.) In the course of motion practice, Plaintiff has narrowed her claims to eight provisions of the FDCPA and she "will agree to drop the other violations alleged and the MCPA claims." (Pl.'s Resp. at 11.) The remaining FDCPA provisions before the court are the following:

> 1. § 1692g(b) - failure to alert Plaintiff of certain validation notice rights and failure to provide timely written notice after initial communication,
>
> 2. § 1692f - "use [of] unfair or unconscionable means to collect or attempt to collect any debt,"
>
> 3. § 1692d(5) - "Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number,"
>
> 4. § 1692c(a)(3) - forbidden communication at Plaintiff's place of employment,
>
> 5. § 1692d(6) - "the placement of telephone calls without meaningful disclosure of the caller's identity,"
>
> 6. § 1692g(a)(1) - failure to send a timely written notice of the amount of the debt,
>
> 7. § 1692g(a)(2) - failure to send a timely written notice of the name of the creditor to whom the debt is owed and
>
> 8. § 1692d(2) - "The use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader."

(Pl.'s Resp. at 10-11.)

Defendant argues that Plaintiff's responses to interrogatories concede that Defendant did not violate the FDCPA. (Def.'s Mot. at 5-8.) Specifically, Defendant contends that several "N/A" responses by Plaintiff indicate that she considered each question and determined, where appropriate, that its subject matter was not applicable to her case. (Def.s Reply Br. at 2-3.) Plaintiff argues that "a non-response" is not the basis for summary judgment and that her other interrogatory answers and additional record evidence support her claims listed above. (Pl.'s Resp. at 6-11.)

## II. STANDARD

Under Federal Rule of Civil Procedure 56, summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "In deciding a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor." *Sagan v. United States*, 342 F.3d 493, 497 (6th Cir. 2003). "Where the moving party has carried its burden of showing that the pleadings, depositions, answers to interrogatories, admissions and affidavits in the record, construed favorably to the non-moving party, do not raise a genuine issue of material fact for trial, entry of summary judgment is appropriate." *Gutierrez v. Lynch*, 826 F.2d 1534, 1536 (6th Cir. 1987) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)).

The court does not weigh the evidence to determine the truth of the matter, but rather, to determine if the evidence produced creates a genuine issue for trial. *Sagan*, 342 F.3d at 497 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). The moving party must first show the absence of a genuine issue of material fact. *Plant v. Morton Int'l, Inc.*, 212 F.3d 929, 934 (6th Cir. 2000) (citing *Celotex*, 477 U.S. at 323). The burden then shifts to the nonmoving party, who "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). They must put forth enough evidence to show that there exists a genuine issue to be decided at trial. *Plant*, 212 F.3d at 934 (citing *Anderson*, 477 U.S. at 256). Summary judgment is not appropriate

when "the evidence presents a sufficient disagreement to require submission to a jury." *Anderson*, 477 U.S. at 251-52 (1986).

The existence of a factual dispute alone does not, however, defeat a properly supported motion for summary judgment – the disputed factual issue must be material. *See id.* at 252 (emphasis and alteration in original) (citation omitted) ("The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict – 'whether there is [evidence] upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the *onus* of proof is imposed.'"). A fact is "material" for purposes of summary judgment when proof of that fact would establish or refute an essential element of the claim or a defense advanced by either party. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984) (citation omitted).

### III. DISCUSSION

As an initial matter, Defendant requests that the court strike Plaintiff's untimely response to the motion for summary judgment and, accordingly, grant Defendant's motion. (Def.'s Reply Br. at 1-2.) The court rejects this request. The court finds no prejudice in accepting Plaintiff's untimely response. Further, because the court prefers to decide motions on their merits, the court would rather rely upon the briefing. Most importantly, Defendant cites no authority in the local rules or elsewhere that *requires* a court to grant a motion simply because no timely response was filed. Not only is there no such authority known to the court, the law, in fact, runs to the contrary. *See, e.g.,* Fed. R. Civ. P. 56 ("If [the adverse party] does not so respond, summary judgment, *if appropriate,* shall be entered against the adverse party." Fed. R. Civ. P. 56(e)

4

(emphasis added); *Guarino v. Brookfield Tp. Trustees* 980 F.2d 399, 407 (6th Cir. 1992) ("The trial court must . . . carefully review the legitimacy of such an unresponded-to motion"). Even if a party, to its detriment, foregoes the opportunity to respond to a motion, the court is obligated to consider the merits and decide, in due course, whether the movant should, or should not, prevail. The court will therefore turn to the merits.

Viewing the record in the light most favorable to Plaintiff, the court cannot conclude that several "N/A" interrogatory responses in some places are equivalent to a Plaintiff's admission that she has no viable claims. Within the four corners of her responses to interrogatories, Plaintiff included specific answers, which the court will detail as it analyzes the factual basis, if any, for each alleged violation of the FDCPA that the parties dispute. The court must further review the balance of the record before it and whether the record creates any genuine issues of material fact concerning Plaintiff's claims.

Darrin Juve, Defendant's Senior Vice President and Chief Financial Officer, averred that First Premier Bank, the creditor, first placed Plaintiff's alleged debt with Defendant for collection on February 16, 2007. (Juve Aff. at ¶¶ 1-5, Def.'s Ex. 1.) Defendant sent Plaintiff an initial collection letter on or about February 19, 2007 and a second letter on or about May 9, 2007. (*Id.* at ¶¶ 6-11; Letters, Def.'s Ex. 1.) Juve said that neither letter was returned by the United States Postal Service to Defendant. (Juve Aff. at ¶ 12.) The letters plainly contain the name of the creditor, the amount of the debt and information concerning Plaintiff's debt validation rights. (Letters at Def.'s Ex. 1.)

Plaintiff disputes receiving these letters, asserting in response to an interrogatory

5

that "[t]o this day, I have yet to receive anything that would tell me about this account." (Plaintiff's Answers to Interrogatories at ¶ 10, Def.'s Ex. 2 ("Pl.'s Answers").) Denial of receipt, however, is irrelevant for purposes of the FDCPA. The statute does not require Defendant to prove Plaintiff actually received the letters. Rather, the statute states that "a debt collector shall . . . *send* the consumer a written notice containing" certain information, including amount and creditor name. 15 U.S.C. § 1692g (emphasis added). Courts have construed this language to not require proof of actual receipt, and this court concurs. *See e.g. Zamos v. Asset Acceptance*, 423 F.Supp.2d 777, 785 (citing *Mahon v. Credit Bureau*, 171 F.3d 1197, 1201 (9th Cir. 1999)). The record before the court admits of no question of material fact that Defendant sent a timely notice bearing the creditor's name and the amount of the debt. Therefore, Defendants are entitled to summary judgment for Plaintiff's claims under Sections 1692(a)(1) and (2).

For the same reasons, the record also fails to support Plaintiff's claim under Section 1692g(b) that Defendant failed to inform Plaintiff of certain validation notice rights and failed to provide timely written notice after the initial communication. The letters include language about Plaintiff's right to seek validation of the debt. (Letters at Def.'s Ex. 1.) There is thus no question of material fact regarding whether Defendant sent Plaintiff notice of her validation rights and a timely written notice of the alleged debt.

Plaintiff also claims that Defendant violated Section 1692g(b) by not ceasing its collection efforts after receipt of Plaintiff's letter to stop contact and validate the debt.

Defendant recorded that it received a letter from Plaintiff[1] on May 15, 2007 (Def.'s Transactions Record, Pl.'s Ex. 3.)[2] The court observes without deciding that it appears likely that Plaintiff was responding at least in part to Defendant's second mailing of about May 9, 2007. To assert her rights under the statute, however, Plaintiff must do so within thirty days of receipt of the notice of debt collection. 42 U.S.C. §§ 1692(a)(3); (b). While the court earlier declined to reach the question of Plaintiff's actual receipt of Defendant's letter, the court is mindful that record demonstrates that the first notice was sent on or about February 19, 2007. Plaintiff's letter arrived with Defendant on May 14, 2007. During the time in between, there can be no question of fact that the thirty-day time period expired for Plaintiff. The court need not decide a date certain by which Plaintiff first received notice of the debt. But the court can conclude as a matter of law that the almost three intervening months provide ample cushion at both ends of the timeline such that Plaintiff did not meet the thirty-day requirement of the statute; this is the only reasonable inference. Were there another reasonable inference in support of Plaintiff's position, the court would draw it as required under Rule 56. But the absence

---

[1] Plaintiff submits an undated cease and desist letter addressed to Defendant, (Validation Request, Pl.'s Ex. 4), but it is unclear from the record whether this letter is the same letter that Defendant received on May 14, 2007.

[2] Defendant's record indicated that on April 25, 2007 "[Plaintiff] claims faxed something to us yesterday." (Def.'s Transaction Record, Pl.'s Ex. 3.) Even viewed in the light most favorable to Plaintiff, this notation fails to suggest that Defendant received anything. The fax confirmation page is accompanied by no further information or sworn statement connecting any specific communication to the alleged facsimile transmission. (Pl.'s Ex. 4.) And no date appears on the certified mail form or receipt that Plaintiff submits. (*Id.*) Under the circumstances the court can only conclude that Defendant first received Plaintiff's cease demand no earlier than May 14, 2007. Further, even if the court accepted the earlier April date, the court's analysis would not change.

of such an inference invites conjecture, which Rule 56 does not require.  *See Matsushita*, 475 U.S. at 586.  The court will therefore grant summary judgment for Defendant with respect to a claim under Section 1692g(b).

The remaining claims concern Defendant's argument about the effect of Plaintiff's many "N/A" responses to Defendant's interrogatory.  As the court earlier opined, viewed in the light most favorable to Plaintiff, the "N/A" responses do not have the effect of negating specific responses that, if proven true, would support her claims.[3]  With respect to Section 1692f, Plaintiff claims that Defendant used unfair or unconscionable means to collect or attempt to collect because "[e]very time they called, they made it clear that my credit would be compromised if I didn't pay the bill."  (Pl.'s Answers at ¶ 6, Def.'s Ex. 2; Pl.'s Resp. at 7.)  This allegation, taken as true, fails even to approach unfairness or unconscionability.  It goes without saying that failure to pay a proper bill will "compromise" a person's credit history, which consists of little more than the person's bill-paying habits.  Logical tautologies are not unconscionable.  In addition, the allegation bears no resemblance to the examples of unfair practices listed in Section 1692f.  Further, Plaintiff's assertion was not in response to a general question about unfairness or unconscionability, but rather to the request to "[i]dentify the facts that support or refute your allegation that [Defendant] threatened you with legal action without intending to take such legal action."  (Pl.'s Answers at ¶ 6, Def.'s Ex. 2.)  Concerning that question, Plaintiff's response is unresponsive because it neither

---

[3]Where the N/A responses are directly on point, however, the court intends to hold Plaintiff to her answer that the question or subject matter of the discovery request simply does "not apply."

supports nor refutes the allegation at issue. A general statement about how the credit industry operates says nothing about a threat to take legal action without intending to follow through on the threat. For these reasons, the court finds no question of fact supporting a Section 1692f claim.

Section 1692d(5) prohibits "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." According to the interrogatory:

> Identify the facts that support of [sic] refute your allegation that you asked [Defendant] to stop calling you and/or requested [Defendant] to cease and desist.

> Answer: I asked and told them at every call they placed to me.

(Pl.'s Answers at ¶ 7, Def.'s Ex. 2.) Plaintiff contends that this assertion supports a claim under Section 1692d(5). (Pl.'s Resp. at 7-8.) The court cannot agree. Repetitive calling can be inferred, but nothing in Plaintiff's assertion or anywhere else in the record suggests Defendant intended to annoy, abuse or harass Plaintiff. Bare allegations in the complaint are not sufficient to fill the void. The court will thus grant Defendant summary judgment for Plaintiff's claim under Section 1692d(5).

Plaintiff's claim under Section 1692c(a)(3) also fails. The statute forbids, in the absence of the consumer's consent, communication with a consumer regarding collection of a debt "at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication." 15 U.S.C. § 1692c(a)(3). Plaintiff contends that Defendant "contacted me on my cell which is a business number." (Pl.'s Answers at ¶ 8, Def.'s Ex. 2.) This purported factual underpinning is inadequate for purposes of the

statute.  First, the court doubts that the plain meaning of "at the consumer's place of employment" extends to a "cell," a mobile phone that by its nature is portable and therefore not confined to any physical space including a place of employment.  Further, Plaintiff fails to allege that Defendant knew the phone number was a business line or that Defendant had reason to know that Plaintiff's employer would prohibit Plaintiff from receiving such calls.  Even if true, Plaintiff's allegation falls short of creating a material issue of fact with respect to Section 1692c(a)(3).  Summary judgment for Defendant for this claim is appropriate.

Finally, Plaintiff contends that Defendant violated two subsections of Section 1692d when it called and did not disclose its identity in a meaningful way and used obscene or profane language.  Plaintiff asserts (1) "[t]hey would not tell me their names of where they were from and (2) [w]hen I told them to stop calling that is when profane language was used."  (Pl.'s Answers at ¶¶ 9, 11.)  These allegations, if true, state clear violations of Section 1692d(6) and (2), respectively.  The "N/A" responses elsewhere do not refute or otherwise withdraw these claims.  The quantum and form of proof for such claims, further, depends in large part upon a determination of Plaintiff's credibility as a witness.  A genuine issue of material fact remains with respect to whether Defendant (1) failed to disclose its identity in a meaningful way or (2) used obscene or profane language.  The court will therefore deny summary judgment for Plaintiff's claims under Section 1692d(2) and (6).

## IV.  CONCLUSION

IT IS ORDERED that Defendant's "Motion for Summary Judgment" [Dkt. # 21] is GRANTED IN PART and DENIED IN PART.  The motion is GRANTED with respect to

Plaintiff's FDCPA claims under 15 U.S.C. §§ 1692a(1), 1692a(2), 1692g(b), 1692f, 1692d(5) and 1692c(a)(3).  The motion is DENIED with respect to Plaintiff's FDCPA claims under 15 U.S.C. §§ 1692d(2) and 1692d(6).

IT IS FURTHER ORDERED that Plaintiff's other FDCPA claims and her MCPA claims are DISMISSED WITHOUT PREJUDICE.

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  November 14, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 14, 2007, by electronic and/or ordinary mail.

    S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522